

153 East 53rd Street, 31st Floor, New York, NY 10022-4611 ▪ p212 223-4000 ▪ f212 223-4134

# MEMO ENDORSED

July 3, 2007



**VIA OVERNIGHT COURIER**

The Honorable P. Kevin Castel
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: **Halo Technology Holdings, Inc. f/k/a Warp Technology Holdings, Inc. vs. Randall Cooper**
**United States District Court for the Southern District of New York**
**Civil Action No.: 07 CIV. 3426**

Dear Judge Castel:

The undersigned represent Randall Cooper in the above-referenced matter. This letter is written, pursuant to Your Honor's individual practice rules, to request a pre-motion conference regarding our anticipated Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(2) (personal jurisdiction) and 12(b)(3) (improper venue). We also hereby request that the Court enlarge the time within which to file the formal motion until after the pre-motion conference. Included in this motion will be a request to dismiss or stay this case based on the First to File Rule. In addition, we intend to file an alternative motion to transfer this action to the Northern District of Georgia pursuant to 28 U.S.C. § 1404. The bases for these motions are summarized below.

On March 19, 2007, Defendant Randall Cooper ("Cooper"), along with other shareholders of Plaintiff Halo Technology Holdings, Inc. ("Halo"), filed a complaint against Halo in the Superior Court of Fulton County, Georgia. Halo filed a Notice of Removal to the Northern District of Georgia on April 23, 2007. Subsequently, on April 30, 2007, Halo filed the instant complaint against Cooper. Additionally, on March 29, 2007, also in apparent response to the Georgia lawsuit, Halo filed a complaint against Cooper et al. in the District of Connecticut. These three lawsuits all stem from Halo's acquisition of Empagio, Inc., a Georgia corporation ("Old Empagio"), and the events thereafter regarding the parties and principals thereto.

First to File Rule

"Where two courts have concurrent jurisdiction over actions involving the same parties and issues, federal courts should follow the 'first filed' rule whereby the court which first has possession of the action decides it." 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F.Supp. 128, 131 (S.D.N.Y. 1994) (citing Ivy-Mar Co. v. Weber-Stephen Prods. Co., 1993 WL

The Honorable P. Kevin Castel
July 3, 2007
Page 3

Accordingly, pursuant to the First to File Rule, this Court should dismiss this case or stay the action until the District Court for the Northern District of Georgia determines the application of the First to File Rule.

FRCP 12(b)(2)

We also intend to file a Motion to Dismiss based on a lack of personal jurisdiction. This Motion will show that personal jurisdiction over Cooper is improper in New York because Cooper cannot be reached by New York's long-arm statute, and asserting personal jurisdiction over Cooper would violate the due process clause of the United States Constitution.

Cooper has never advertised, engaged in any persistent or continuous conduct, owned or possessed personal or real property, or possessed a bank account or telephone number in New York. Cooper does not transact business in New York, did not commit a tort within the State of New York, nor did he commit a tort outside of New York causing harm within the State.

Halo will likely assert that jurisdiction in this Court is based on a forum selection/consent to jurisdiction clause contained in Cooper's employment agreement, but Halo has waived the forum selection/consent to jurisdiction clause. "A forum selection clause will be deemed waived if the party invoking it has taken actions inconsistent with the clause, or delayed its enforcement, and the other parties would be prejudiced." In re Rationis Enterprises, Inc. of Panama, 1999 WL 6364 at *2 (S.D.N.Y. 1999). In the case at bar, Halo took actions inconsistent with the forum selection clause contained in Cooper's employment agreement by filing a complaint against Cooper in Connecticut prior to instituting suit in New York, and by filing pleadings in the Georgia lawsuit without raising the jurisdictional provision. Cooper would be prejudiced by enforcement of the forum selection clause to the extent that he has invested substantial resources in an effort to protect his legal rights in Georgia and Connecticut, and should not be required to expend additional resources to defend against duplicative litigation. Thus, Halo has waived the forum selection/consent to jurisdiction clause.

Moreover, Cooper lacks minimum contacts with the State of New York, and the exercise of personal jurisdiction over Cooper would violate traditional notions of fair play and substantial justice. Therefore, Halo's Complaint should be dismissed based on lack of personal jurisdiction.

FRCP 12(b)(3)

We further plan to file a Motion to Dismiss based on improper venue. This Motion will show that venue over this action is improper in this Court under 28 U.S.C. § 1391. Cooper does not reside in New York, a substantial part of the events or omissions giving rise to Halo's claims did not occur in New York, and Halo may effectively bring its claims in the United States District Court for the Northern District of Georgia, where the events giving rise to Halo's claims allegedly occurred, and where Halo is subject to personal jurisdiction. Finally, as explained

The Honorable P. Kevin Castel
July 3, 2007
Page 4

above, Halo has waived the forum selection clause contained in Cooper's Employment Agreement, and this case should be dismissed based on improper venue.

<u>28 U.S.C. § 1404</u>

Finally, should this Court decide not to dismiss or stay Halo's action as argued above, the Court should transfer the case to the Northern District of Georgia pursuant to 28 U.S.C. § 1404. Cooper has had very few contacts with the State of New York, and New Empagio's headquarters were located in Atlanta, Georgia, where Cooper performed his employment duties for New Empagio.

Moreover, the majority of the key material witnesses and documents relevant to the case at bar are in the state of Georgia. Cooper is an individual and a resident of Georgia. Halo is a large, publicly traded corporation with sufficient means to litigate in any district. None of the facts and circumstances alleged in Halo's Complaint occurred in New York. Therefore, in accordance with 28 U.S.C. § 1404, the interests of the parties, third persons, and justice require that this case be transferred.

Finally, Richard J. Capriola and Michael Weinstock of the firm Weinstock & Scavo, P.C. in Atlanta, Georgia will seek to be admitted Pro Hac Vice, with the undersigned acting as local counsel for Cooper.

*[Handwritten note: I will take up request at the July 27 conference. This premotion request shall suffice for a letter. Plaintiff should respond to the letter no later than July 13. SO ORDERED. /s/ [signature] USDJ 7-5-07]*

Respectfully submitted,

/s/ Frank M. Esposito

Frank M. Esposito
Crowell & Moring LLP
135 E. 53rd Street, 31st Floor
New York, New York 10022
Local Counsel

Michael Weinstock
Richard J. Capriola
*Pro hac applications forthcoming*
Weinstock & Scavo, P.C.
3405 Piedmont Road, NE
Suite 300
Atlanta, Georgia 30305

cc (via Overnight Courier):   David W. Rubin, Esq.